OHLY v. MENDHAM et al.

(Supreme Court, Appellate Term. May 16, 1907.)

EVIDENCE—AGENT'S LETTERS—ADMISSIBILITY.

In an action to recover money deposited as margin for future stock transactions, though decedent was plaintiff's agent, a letter written by him to defendants before the agency arose was inadmissible against plaintiff.

Appeal from Trial Term.

Action by Charles H. Ohly against Maurice B. Mendham and another. From a judgment for defendants, and an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Robert L. Turk, for appellant.

Frost & Johnson (Arthur Ofner, of counsel), for respondents.

PER CURIAM. This action was brought to recover $500, which the plaintiff claimed to have deposited with the defendants as margin for future stock transactions, which he had in contemplation. He deposited the money September 10, 1902, with one Ufer, who was a manager of one of the branch offices of the defendants. In July, 1903, he demanded the return of the money, claiming that he gave no order to buy stock during the intervening period. The answer of the defendants contained a general denial, and the defendants offered testimony, under the separate defense pleaded, to show that the plaintiff and Ufer agreed to speculate jointly, and that Ufer received the $500 and placed it to the credit of the joint account, and purchased 100 shares of Canadian Pacific, in which transaction the entire sum deposited was lost. The fact that the plaintiff and Ufer agreed to operate upon their own joint account was testified to by one Graff; the proof showing that Ufer died prior to the trial. The court left the question to the jury as to whether this agreement between the plaintiff and Ufer was made, charging them that, if it was, they must find a verdict for the defendants, and, if not, for the plaintiff.

Certain letters written by Ufer were offered in evidence, which the trial justice received upon the theory that, if the testimony of Graff was true, Ufer was the agent of the plaintiff, and not of the defendants, in this transaction. Assuming, without deciding, that the record justified the reception of these letters when they were offered, the theory upon which they were received in evidence cannot be extended so far as to justify the admission of the letter from Ufer to the defendants, marked "Defendants' Exhibit F." At the time that this letter was written, Ufer was certainly not the agent of the plaintiff, and we know of no theory upon which this letter could have been properly received. When this letter was received, the court admitted it subject to the promise of the defendants' counsel to connect it. No evidence tending to make it in any way relevant or competent was subsequently introduced. At the close of the case the plaintiff's counsel moved "to strike out all of the testimony containing communications and conversations had between Ufer and the defendant." The court denied the motion, and an exception was duly noted. That this motion was intended to cover the letter from Ufer to the defendants, marked "Defendants' Exhibit F," must have been clear to the court and counsel. The admission of this letter in evidence calls for the reversal of the judgment, and makes unnecessary the discussion of the other questions presented as to the admission of evidence.

Much of the testimony which the appellant now claims should have been excluded was admitted without objection, and many of the objections urged do not clearly present for review the question of the correctness of the rulings that were made. As the case must be retried, because of the improper admission of the letter from Ufer to Mendham, marked "Defendants' Exhibit F," we have thought it best not to discuss the other questions of evidence involved, which upon a new trial may be presented in an entirely different manner.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.